**SCALES v. WYNNE & WYNNE. (No. 8666.)**

(Court of Civil Appeals of Texas. Dallas. April 15, 1922. Rehearing Denied June 17, 1922.)

**1. Attorney and client ⬅166(3) — Client's wealth admissible in suit for fees only to show nature of previous litigation.**

In an attorney's action for fees, the wealth of his client was admissible only to show the nature of the litigation in which the client had been involved and his financial ability to have responded to any judgment which might have been rendered against him, and was not admissible to draw a distinction between a rich and a poor man or to prejudice the client's rights.

**2. Evidence ⬅543(2)—Experienced lawyer competent witness as to value of legal services.**

Where, in an action by an attorney against a client for fees, a witness stated that he had not been engaged in any very large litigation, that he had never been employed in any litigation of the character and magnitude of that performed by the attorney for his client, but stated his judgment as to the amount of a reasonable fee for the services rendered, his 10 years' experience and his knowledge of court proceedings in general was sufficient to enable him to form a judgment as to the reasonableness of the compensation to be paid for the service rendered.

**3. Attorney and client ⬅166(3)—Refusing defendant's evidence as to possibility to compromise suit against him for nominal sum not error.**

In an action by an attorney against a client for fees in a suit in which the client had been involved, in view of the retainer, the refusal of defendant's evidence that he could have compromised the suit for a nominal sum after the attorney was retained was not error.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Wynne & Wynne against H. L. Scales. From judgment for plaintiffs, defendant appeals. Affirmed.

Thos. R. Bond, of Terrell, for appellant.

H. R. Young, Wynne & Wynne, and W. Dorsey Brown, all of Kaufman, for appellees.

VAUGHAN, J. This appeal is the result of a suit brought by appellees against appellant to recover compensation in the sum of $5,000 which was alleged to be due and owing appellees by appellant for services rendered under contract of employment as his attorneys in a certain suit instituted and prosecuted by Thelma Wells, through her next friend, Darius Wells, against appellant to recover damages for alleged breach of contract of marriage in the sum of $50,000 actual damages and $50,000 exemplary damages. Trial of said suit resulted in verdict and judgment in favor of appellant, from which Darius Wells and Thelma Wells appealed to the Court of Civil Appeals, where said judgment was affirmed.

Appellant in his answer admitted that he employed appellees as his attorneys in said suit to aid and assist the law firm of Woods & Morrow in the defense of same, without any agreement as to the amount of fees to be paid to and received by appellees.

The light in which appellant regarded appellees' employment after services had been performed is revealed by his answer, alleging, in effect, that appellant has always been ready and willing to pay appellees a reasonable and just compensation for services rendered by them in connection with Messrs. Woods & Morrow in said Wells case, anywhere from $500 to $1,000. However, the sum of $5,000 sued for was exorbitant, unjust, and not a fair and reasonable attorney's fee to be charged and collected for the services rendered; that before the trial of said cause appellant could have compromised and settled the Wells suit by paying the sum of $1,000 or $1,500, which was well known to appellees, who advised and counseled the appellant not to pay or compromise said suit for any sum because he was not guilty of the things charged by Thelma Wells in said suit; that said Wells suit for damages against appellant was not founded on good faith or based upon any facts, but was the result of a conspiracy and an attempt to blackmail appellant and filch from him his money.

This cause was submitted to jury upon special issues, which were resolved against appellant, upon which judgment was rendered for the sum of $2,750 in favor of appellees; hence this appeal.

The first, second, and seventh assignments of error are presented under one proposition, to wit: "That the wealth of appellant could not be considered by the jury for any purpose."

[1] Even if it be conceded (which we do not) that it was error to permit appellee Angus Wynne to testify to the wealth of appellant, as follows:

"I know the financial standing of H. L. Scales. I knew it from tax renditions and his general reputation as being a wealthy man. In

---

the case of Thelma Wells v. H. L. Scales I heard him testify, and he swore that he was worth $750,000"

—and that the court erred in overruling appellant's special exception to appellees' petition wherein it was alleged that appellant was reasonably worth the sum of $750,000, and that it was error for the court to refuse to give to the jury as a part of his instructions the following special instructions requested by appellant:

"In considering what would be a fair and reasonable compensation for services rendered H. L. Scales by Wynne & Wynne, you are instructed that no greater fee would be reasonable against a wealthy man than a poor man for the same services, and you will not allow the wealth of H. L. Scales, who was engaged in the litigation with Thelma Wells, to influence your findings as to what would be a reasonable fee for the services rendered by Wynne & Wynne, unless the same increased or diminished the burdens of Wynne & Wynne as attorneys in that litigation"

—then the question to which we must address ourselves is whether or not, under the state of the record, such error was material.

Appellant admitted his liability to pay appellees reasonable compensation for the services rendered by them under contract of employment to assist in representing him in defending the Wells suit. Only the amount of compensation to be paid was involved in the litigation. Appellees sued for $5,000, alleging said sum to be a just and reasonable charge for the services rendered in representing appellant in the Wells suit, which involved an asserted liability of $100,000. Appellant was amply able to respond to a judgment for the full amount sued for in the Wells suit; he having testified on the trial of said suit that he was then worth $750,000. Said trial resulted in a verdict and judgment in appellant's favor, from which an appeal was prosecuted to the Court of Civil Appeals, on which appeal appellees represented appellant. The appeal resulted in the affirmance of said judgment.

Appellant contended that the sum of $1,-500 would be just and reasonable compensation for the services rendered by appellees, and that his liability should not exceed said sum.

Proof of the reasonable value of appellees' services was before the jury in the form of expert testimony given by attorneys familiar with court proceedings, the basis on which charges are fixed for legal services, the skill and ability required in different classes of litigation, as well as the responsibility assumed by counsel in representing litigated matters, which evidence alone was sufficient basis for and ample to sustain the verdict rendered, which, in our judgment, is far from being excessive.

The evidence objected to was not admissible on the trial of the instant case for any purpose other than to show the nature of the litigation in which appellant had been involved and his financial ability to have responded to any judgment that might have been rendered against him therein, not to draw the distinction between a rich and a poor man or to prejudice the rights of appellant, but in order to determine therefrom the nature and value of the services rendered appellant by appellees in the suit of Thelma Wells against the appellant, and for this purpose said evidence was admissible, for, had appellant been a poor man, unable to respond to a judgment in any sum, then the suit for $100,000 would have been frivolous and of no consequence, not even suggestive of any actual value to Thelma Wells, the plaintiff in interest, nor of any material financial detriment to appellant, the defendant. Therefore a nominal fee under such conditions amounting to a mere bagatelle would, as measured by the character of the litigation, have been ample compensation. On the other hand, the appellant being able financially to respond to any judgment that Thelma Wells might have obtained against him, even to the full extent of the amount sued for, to wit, $100,000, the importance, the character of the litigation, and the responsibility of appellees' employment was proper to be taken into account and reckoned with in determining the value of the services rendered. We therefore overrule said assignments.

[2] The third assignment of error is without merit as the testimony of the witness Chas. Ashworth was clearly admissible to be considered by the jury as evidence bearing upon the amount of compensation appellant should pay appellees for the services rendered. The objection was more to the weight of said testimony than to its admissibility; therefore presented a matter to be discussed before the jury, but not to be excluded on the ground that same was not admissible because the witness had not shown himself to be an expert according to the standard contended for by appellant. The witness testified that he was a practicing lawyer; had practiced his profession for 10 years; "that he had not been engaged in any very large litigation; that he had never been employed in any litigation of the character and magnitude of the case of Wells v. Scales. He testified that in his judgment $5,000 would be a reasonable fee for appellees for the services rendered." Certainly his 10 years' experience and his knowledge of court proceedings in general, acquired during that period of time, was sufficient to enable him to form a judgment as to the reasonableness of the compensation to be paid for the services rendered by appellees. Therefore we overrule said assignment.

[3] The fourth assignment is addressed to the refusal of the court to permit appellant to testify on the trial of the case that he had

had an opportunity to compromise and settle the case of Thelma Wells against appellant for the sum of $1,500, that he informed Angus Wynne, one of the appellees, that he had the information that said suit could be so compromised, and that said appellee advised him not to settle the case for that sum, or any other sum, because the Wells suit was blackmail.

Can it be said that appellees' employment was not material in bringing about the offer of compromise, or that such offer was not, in part, the result of their employment and preparation of appellant's defense to said suit? Appellant, by the employment of attorneys to represent him, evidently believed it necessary to secure the services of counsel able to handle what he must have regarded as a case of considerable importance, to wit, a suit for $100,000 damages brought by a women under 21 years of age, based on a breach of marriage contract charging him with acts and conduct reflecting upon his life and character as an upright and law-abiding and honorable citizen. It is not contended that the services rendered by appellees in connection with their associates in preparing appellant's defense was not entirely responsible for the communication to appellant that that suit could be compromised for $1,500. Under the contract of employment appellant was entitled to receive the full benefit of the professional reputation and influence of appellees as a part of the professional services to be rendered appellant, and this as much so as the preparation of his defense and the presentation of same on the actual trial of the case; the two elements of service being indivisible and inseparable. It is often the combined skill, ability, reputation, and influence of counsel which produce the desired result for a client through compromise measures, rather than the prolonged and expensive proceedings of a court trial. The former is far more to be desired as to dispatch, certainty of disposition, saving of time, expense, and annoyance. To say that, because after the employment of appellees to represent appellant a favorable offer to compromise was submitted appellant, appellees' fee should be determined on the basis of the amount of the offer for which the litigation could have been settled, would be to deny appellees compensation for the results obtained through their employment, as much so as it would to refuse appellees compensation for services rendered in the actual trial of the case on the ground that, as no recovery was had against appellant, plaintiff Thelma Wells had no cause of action on which a recovery could be had; therefore appellees are not entitled to any compensation, as without their services the same result would have been obtained. Perhaps, if the trial of the Wells case had resulted in a large judgment being rendered against appellant, the value of appellees' services would have been more apparent to him, and the payment of compensation cheerfully made in proportion to the amount of such recovery. In other words, a lifeboat is only of value when the fury of the storm is sinking the ship.

The evidence excluded was not admissible to be considered by the jury in determining what would be reasonable compensation for the services performed by appellees, as same would not have assisted the jury in determining the nature of the original controversy or what was reasonable compensation for the appellees to receive under their contract of employment to represent appellant in said litigation as comprehending all matters involved therein as one complete transaction, for no integral part should be segregated and used solely as a basis for fixing appellees' compensation.

We have carefully considered the remaining assignments and propositions based thereon, and, failing to find any material error therein, same are overruled.

The record, as a whole, not disclosing any reversible error, the judgment of the court below is affirmed.

Affirmed.