## WOLFE v. CAMPBELL et al.

No. 13122—Opinion Filed Sept. 23, 1924.

Rehearing Denied Nov. 12, 1924.

(Syllabus.)

1. **Jury—Issues for Jury—Action for Attorney's Fee.**

Where suit is brought for an attorney's fee of specified amount, such suit is an action for the recovery of money, and under section 532, Comp. Stat. 1921, issues of fact arising in such an action are to be determined by a jury, unless a jury is waived or a reference ordered.

2. **Same—Amount of Reasonable Fee.**

In such action the issue as to what would be a reasonable attorney's fee for the services rendered is an issue of fact, to be determined by a jury from the evidence.

3. **Same—Effect of Prayer for Equitable Lien.**

In an action for a specified attorney's fee, where issue is joined as to what is a reasonable fee, such issue is for the jury,

notwithstanding the plaintiff may pray that an equitable lien be decreed against defendants' land.

In such case the jury may properly determine the issue of fact and return a verdict for what it finds to be a reasonable fee; the court may then render judgment for the amount of the verdict, and, in the exercise of its equity powers, decree a lien against defendants' land for the satisfaction of the judgment. The fact that decreeing a lien calls for the exercise of equity powers by the court does not take from the jury the power to first determine the issue of fact as to what fee is reasonable, a determination of the fee being the foundation of the right of a lien.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by C. Dale Wolfe against D. Campbell and another. From the judgment, plaintiff brings error. Affirmed.

J. W. Willmott, R. J. Roberts, J. Read Moore, S. S. Orwig, E. W. Whitney, and C. Dale Wolfe, for plaintiff in error.

C. Guy Cutlip and Thos. J. Horsley, for defendants in error.

HARRISON, J. This was an action to recover an attorney's fee and have the amount declared a lien against defendants' lands. The parties wil be referred to according to the positions they occupy in this court.

The undisputed facts are that defendants in error had a case in this court involving title to lands, this court had decided adversely to defendants in error, and time for appeal to the Supreme Court of the United States had almost expired. Plaintiff in error, who had not previously been attorney in the case, was employed by defendants in error to appeal the case to the Supreme Court of the United States, and did appeal same to said court and obtained a reversal of the opinion of this court, and in due time a mandate conforming to the views of the Supreme Court of the United States was placed of record in the district court of Seminole county, and title to defendants in error's land hereby settled.

However, defendants in error refused to pay plaintiff in error his fee for legal services in procuring said reversal, and plaintiff in error brought this action to recover his fee and to have same declared a lien on defendants' land. Plaintiff in error prayed for $2,000. The case was tried to a jury, under what we consider very definite and correct instructions. The principal controversy in the trial was the value of the services. Testimony was introduced by both parties as to the value of the services. The testimony of the plaintiff in error's witnesses tended to establish the value of such services at the amount plaintiff in error claimed, $2,000; defendants in error introduced testimony on the same issue, which tended to establish the value of the services at a materially less figure, even materially less than the verdict of the jury. The jury tried that issue, which was the principally controverted issue before the jury, and returned a verdict in favor of plaintiff in error for $400 for his services, and upon such verdict the court pronounced judgment and decreed a lien in favor of plaintiff in error and against the lands of defendants in error for the satisfaction of such judgment. Plaintiff in error, being dissatisfied with the amount of the verdict and judgment, brings the cause here for reversal, contending that the services rendered were worth more than he was given judgment for.

A number of grounds are assigned for reversal of the judgment and different reasons assigned for the recovery of a greater sum, but, notwithstanding the other legal questions which have been brought into the case, we are confronted with the following outstanding matters, to wit:

This was a suit for the recovery of a money judgment, $2,000 attorney's fee. Under section 532, Comp. Stat. 1921, the amount in controversy being an issue of fact arising in an action for the recovery of money, defendants in error were entitled as a matter of right to a jury verdict. Said section 532, together with section 533, Id., being the sections of our Code which provide what issues may be tried to a court and what issues as a matter of right must be tried to a jury, unless waived, read as follows:

Section 532. "Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

Section 533. "All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this Code."

Hence, the action being for the recovery of money, and the issue as to what amount, if any, should be recovered, being an issue of fact arising out of an action for the recovery of money, it was properly an issue to be determined by the jury, and the

testimony as to the value of services being in conflict, plaintiff's attorneys testifying what they were worth, and defendants' attorneys testifying that they were worth less, the jury being judge of the credibility of the witnesses and weight of the testimony, its verdict will not be disturbed, if reasonably supported by the evidence, following the rule in Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222, and Wallingford v. Alcorn, 75 Okla. 295, 183 Pac. 726. From an examination of the record there was sufficient testimony to sustain the verdict, if the jury believed the testimony of defendants' witnesses as to the value of the services rendered, they being the judges of the weight to be given the testimony. It is not in the province of this court to say as a matter of law, what such services would be worth when, as a matter of fact, the jury has said what they were worth.

For these reasons, we cannot say as a matter of law that the judgment should be reversed.

It is contended by plaintiff in error that this being an action to have a lien declared, was one of equitable cognizance, and that the court erred in submitting the case to the jury, and erred in refusing to render judgment for the amount claimed, notwithstanding the verdict of the jury. But for the reasons above stated, the issue was, under the statutes, one properly determinable by the jury, notwithstanding plaintiff had asked to have a lien declared in his favor for the amount found to be due him. The matter of decreeing a lien was one which addressed itself to the equity powers of the court, after the issue of fact which constituted its basis had been first determined by the jury; the court, then in the exercise of his equity powers, upon the fact found by the jury decreed a lien, hence plaintiff in error obtained all he asked, except the amount he claimed. He sued for $2,000 and a lien; the jury rendered a verdict for $400, and the court rendered judgment for the amount of the verdict and decreed a lien for the satisfaction of same. The services may have been reasonably worth what plaintiff claimed, but the jury gave a verdict for less, and we find no reversible error in the record.

The judgment is affirmed.

McNEILL, C. J., and BRANSON, JOHNSON, and GORDON, JJ., concur.