### CALLAHAN v. COWLEY & RIDDLE.

No. 16313—Opinion Filed March 16, 1926.

1. **Attorney and Client—Fees of Attorney—Statutory Remedy Against Adverse Party Cumulative to Remedy Against Client.**

Section 4102, C. O. S. 1921, providing that an adverse party shall become liable to an attorney for the fee due or to become due under his contract, where such adverse party has settled or compromised the cause of action or claim wherein is involved the attorney's lien, is cumulative and does not abrogate or limit the common-law rights of an attorney against his client upon their contract of employment. The right of the attorney to pursue such adverse party is derived solely from the terms of said statute, he having effectuated his statutory lien for fees. It is an additional concurrent remedy afforded to the attorney, in a proper case, for redress under his one cause of action against his client.

2. **Same—Unpaid Judgment Against Adverse Party not Bar to Action on Contract Against Client.**

An attorney had judgment, under foregoing, for his fees in a proceeding against an adverse party wherein his client was not a party. No part of such judgment having been paid, the attorney sued and had judgment against his client on his contract of employment. Held, such former judgment was not res judicata as a bar to the latter suit, since the attorney could pursue either or both such adverse party and his client on his one cause of action until same was extinguished by one satisfaction.

3. **Same—Measure of Compensation Against Client—Contract for Contingent Fee.**

Where an attorney has perfected his lien for fees upon the cause of action and is prevented from performing the professional duties for which he was employed, by compromise of his client with the adverse party, without notice or opportunity to the attorney to be present, the measure of the attorney's compensation in an action against his

client on the contract is the compensation named therein. This is the rule even though the contract was for a contingent fee, since such client has prevented the contingency from taking place by such compromise.

### 4. Disposition of Cause.

The judgment is supported by sufficient quantum of evidence under the applicable rules, and is affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by Cowley & Riddle, attorneys, against Homer B. Callahan for attorney fees. Judgment for plaintiff, and defendant brings error. Affirmed.

White & Woods, for plaintiff in error.

Phillips, Douglas & Duling and Cowley & Riddle, for defendants in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. On June 29, 1922, plaintiffs, Cowley & Riddle, attorneys, entered into a written contract with defendant for contingent fee for performing legal services in canceling an oil and gas lease held by Turman Oil Company on his land. Accordingly, plaintiffs commenced such action on certain grounds alleged, complying with the statutes for perfecting their lien. On the trial of the cause, plaintiffs discovered that defendant had effected a compromise of his cause of action against said oil company without notice or opportunity to them to be present. Such settlement validated and confirmed the lease in said oil company, thus abating such action. Thereupon, plaintiffs filed a motion in said action for judgment against Turman Oil Company for their fees, and recovered judgment for $1,000, their client, the defendant, not being a party thereto. No part of said judgment having been paid, plaintiffs filed the instant action against defendant on their said contract of employment, claiming $2,000. Defendant alleged and proved, among other things, such former judgment procured so as aforesaid against said oil company as res judicata. From a judgment in favor of plaintiffs for $1,000, defendant appeals. The principal assignment, and the only error properly presented and argued, involves said defense.

1. Section 4100, C. O. S. 1921, inter alia. provides that an attorney shall have a lien upon his client's cause of action or counterclaim, and the procedure for making same effective; that no settlement between the parties, without the approval of the attorney, shall affect or destroy such lien. In the event of such settlement the remedy and the measure of the attorney's recovery against his client is fixed—not by this or other sections of the lien law—but otherwise by law hereinafter applied to the facts of the instant case. Section 4101, Id., legalizes a contingent fee, based on the cause of action or claim, fixes the quantum thereof, and provides that no compromise or settlement entered into by the client without the attorney's consent shall affect or abrogate the lien. Section 4102, Id., provides that should the party to an action or proposed action, whose interest is adverse to the client contracting with an attorney, settle or compromise the cause of action or claim, wherein is involved any lien, as mentioned in the preceding section, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment. Thus, the purpose of said sections is to create such lien analogous to liens created by statute the better to secure laborers and other employees, and to create a certain liability of the adverse party for the fee. Let it be noted that said statutes do not inhibit settlement of his cause of action by the client. To do so would be against public policy. The authority of an attorney being revocable at the pleasure of his client, he cannot object to any course the client may choose to take. Any contract between an attorney and client, in derogation of this right of the client, would be contrary to public policy and void. 6 C. J. 643, 788. Nor do said statutes denounce such compromise because participated in by the adverse party. Such action of the client and adverse party cannot defeat such lien, and the adverse party is made additionally liable for the fee. The right of the attorney against such adverse party exists only under said section 4102 ex proprio vigore. The right is analogous to that created by statute (6 C. J. 753), in certain cases wherein a defendant or adverse party is made liable for a reasonable attorney's fee to be taxed as costs. Neither expressly nor by implication do said statutes modify, abrogate, or in any wise affect the common-law rights of the attorney against the client under his contract of employment. Any action by the attorney against the client would be based upon, as the instant case. is, the contract of employment. Any action against the adverse party would be based upon said section 4102, by which also the contract furnishes the measure of the attorney's recovery. The attorney may waive his lien and invoke such additional remedy against the

adverse party. Where a statute provides a new remedy for a pre-existing right, such remedy is ordinarily cumulative only, unless former remedies are abrogated expressly or by necessary implication. Van Buskirk v. Red Buttes Land & Live Stock Co. (Wyo.) 156 Pac. 1122. In Lashley v. Moore et al., 112 Okla. 198, 240 Pac. 704, it is held that said statutes, under the plaintiffs' proceeding against said oil company in said former action, are cumulative, and do not abrogate or limit the rights of the attorney and client to make contracts between themselves subject to the confidential relationship, except as to the quantum of percentage fees. In the instant case, plaintiffs had but one cause of action—one redressible wrong—their claim for compensation for services under the facts herein. They could pursue their client in any event independently of said statutes. By said section 4102, they could also pursue such adverse party because a compromise had been made involving their lien, and without notice or opportunity to them to be present. Herman Construction Co. v. Wood, 35 Okla. 103, 128 Pac. 309; Orwig et al. v. Emerick, 107 Okla. 134, 231 Pac. 234. Of course, payment either by the client or the adverse party would destroy the cause of action, and the judgment would so provide if alternative.

2. It is well settled that a former judgment in a suit between the parties and their privies, involving the same cause of action set forth in a second suit, is conclusive not only as to matters actually litigated and determined in the former action, but conclusive on the parties and their privies as to all matters germane to the issues which could or might have been litigated and availed of by the parties. Cressler v. Brown et al., 79 Okla. 170, 192 Pac. 417. If defendant had been a party to the proceeding wherein judgment was had by plaintiffs against the adverse party, Turman Oil Company, the judgment therein would be res judicata. Although plaintiffs had both said remedies herein, election of remedies is not involved because such remedies are not inconsistent. It thus appears that the former judgment against the Turman Oil Company is not a bar to the instant action.

3, 4. Under White v. American Law Book Co., 106 Okla. 166, 233 Pac. 426, plaintiffs were entitled to compensation even though the arrangement was for a contingent fee, since the contingency did not take place because defendant prevented the contingency by his said compromise. Also, under said authority, and the facts herein, plaintiffs' measure of damage was the compensation named in the contract, to wit: a "25 per cent. of the value of said lease, that is, one-fourth interest in and to said lease, or the right he has to lease the land herein described, at the time said suit is terminated." One of the plaintiffs testified that at the time of the termination of the proceedings against the Turman Oil Company, he knew the fair and reasonable market value of an oil and gas lease on the lands of defendant, and that such value was from $35 to $50 per acre for the 160 acres. No objection was made to this testimony, nor to the competency of this witness. Such undisputed evidence was competent and sufficient to sustain the judgment.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 800 § 416. (2) 1 C. J. pp. 7, 8, 9 § 7; 6 C. J. p. 800 § 416. (3) 6 C. J. p. 745 § 321; p. 790 § 402 (Anno). (4) 6 C. J. p. 759 § 350. See under (1, 3) 14 L. R. A. (N. S.) 1101; 2 R. C. L. p. 1001; 1 R. C. L. Supp. p. 676; 4 R. C. L. Supp. p. 132.