## STERLING MILK PRODUCTS CO. v. BROWN.

No. 19834. Opinion Filed Dec. 16, 1930.

Owen & Looney and David A. Kline, for plaintiff in error.

Gomer Smith and Fred M. Hammer, for defendant in error.

EAGLETON, C. Gomer Smith and Fred M. Hammer were, by written contract, employed by Cecil Brown to prosecute an action against Sterling Milk Products Company for personal injuries received in a collision with one of defendant's automobiles. The contract provided that the suit should be filed for $5,000, and that the attorneys were to receive a contingent fee

equal to 50 per cent. of whatever sum might be recovered by compromise, suit, or final judgment. The suit was filed by these attorneys in cause No. 51351, district court of Oklahoma county. Indorsed on the face of the petition was "Attorneys' lien claimed."

After service was had on the defendant company, the attorneys for the plaintiff filed a motion therein against defendant upon their attorneys' lien claim, wherein it was alleged that the said attorneys are duly licensed to practice law in the state of Oklahoma; that they were employed to prosecute the suit; that same was filed by them and their attorneys' lien preserved thereon; that thereafter the defendant company through its insurance carrier, or said insurance carrier's claim agent, or attorney, made settlement of said cause of action with the plaintiff personally without their knowledge or consent. They prayed that their lien be enforced against the defendant in the sum of one-third of $5,000. Attached to this motion was a copy of the petition for damages filed in the original suit showing the indorsement of "Attorneys' lien claimed" and a copy of their contract with Cecil Brown. Notice of hearing on said motion was served upon the defendant company. The defendant after attacking the form of the proceedings filed an answer thereto in the nature of a general denial. Defendant made demand for, but was refused a jury. The cause was tried to the court. Judgment was rendered for the attorneys establishing their lien and claim against defendant company for the sum prayed for. The trial court held that the proof of the attorney's fee contract, the filing of the suit for the sum specified in the contract, the preservation of the lien by indorsement of the lien claim on the petition and of a settlement, made an irrefutable case to establish a lien for one-third of the sum sued for. From this judgment the Sterling Milk Products Company appeals.

For convenience herein, Gomer Smith and Fred M. Hammer will be referred to as plaintiffs, the Sterling Milk Products Company as defendant.

The defendant argues four propositions for the reversal of the cause. We will discuss them in order:

"(1) That the district court placed an erroneous construction upon the attorneys' lien law in the case at bar. And in the event that this construction is sustained by this court, then the law is unconstitutional and void, in its application to this case, in attempting to pass a rule of evidence which denies plaintiff in error equal protection of the law, and is not due process of law."

With this position we are constrained to agree. This court has heretofore held in Orwig v. Emerick, 107 Okla. 134, 231 Pac. 234, as announced in the syllabus thereof, the rules as follows:

"The provision in section 4103, Comp. Stat. 1921, relating to attorney's fees and liens, viz., 'And such attorney in order to recover need not establish that his client, in the case has gone to trial, would have been successful in the action, but the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action,' taken in connection with the remainder of the section, means that proof of settlement by the adverse party without the consent of the attorney establishes a prima facie case that the adverse party so making settlement was liable in the action.

"Where an attorney, having a contract with his client for a percentage of the amount of money or property to be sued for, brings the action for such client and complies with the law as to the fixing his lien for such an amount, and the adverse party, after the beginning of such action and before verdict or judgment, settles or compromises such action without notice to or consent of such attorney, such adverse party thereby becomes prima facie liable to the attorney for the contract fee, not exceeding 33 1-3 per cent. of the amount recoverable in the action.

"In such case the attorney may proceed against such adverse party in an action to recover his fee, and proof of the contract, of compliance with the lien law, and of the settlement without notice to him and without his consent, establishes prima facie the liability of the defendant, subject to rebuttal proof. It then devolves upon the attorney to go forward and show the extent of the probable recovery in the original action to the end that the fee may be fixed in accordance with the percentage agreement, not in excess of the statutory limit."

The opinion in Simpson v. Baker, 123 Okla. 118, 252 Pac. 834, is urged by plaintiffs as sustaining the interpretation given to the attorneys' lien statutes by the trial court. That case specifically distinguishes the rules therein laid down from the type of case we have before us, as well as the case of Orwig v. Emerick, supra. We do not think that case changes the above quoted rules of the Orwig Case. We do not deem it necessary to the determination hereof to consider the constitutionality of this act, so do not express an opinion thereon. However, Justice Gordon, in the Orwig Case, in the body of the opinion, referring to the construction of section 4103, C. O. S. 1921, states:

"Again, we are of opinion that if the

language quoted is to be taken as constituting a conclusive presumption of the liability of the defendant in the action for the amount sued for, such a presumption is in violation of section 7, article 2 of the Constitution of our state, commonly known as the due process provision."

Under the authority of the Orwig Case, we hold that the plaintiffs cannot sustain the interpretation given to our attorneys' lien statutes which was given to them by the trial court.

"(2) That the trial court erred in refusing to grant plaintiff in error a jury trial."

With this contention we cannot agree, for, as is said in the first paragraph of the syllabus of Simpson v. Baker, supra:

"An action by the plaintiff to enforce an attorney's lien against the defendant, based on the compromise and settlement of litigation without notice to the attorneys, is an equitable action and triable to the court as an equity suit."

See, also, 2 R. C. L. 1084. 5; Standidge v. Chicago Rys. Co. (Ill.) 98 N. E. 963, Ann. Cas. 1913C, 65, 40 L. R. A. (N. S.) 529.

"(3) That the judgment is not sustained by sufficient evidence."

With this contention we agree, and are of the opinion that it is not only not sustained by sufficient evidence, but is against the clear weight of the evidence. We conclude from the testimony of Cecil Brown that he probably received $47.50 in settlement of the claim, and under the terms of their contract and section 4103, C. O. S. 1921, the plaintiffs might be entitled to one-third thereof, if the original suit was filed in good faith. However, they would be entitled to more than this amount if on trial the court determines a greater recovery might have been had.

"(4) The court erred in excluding material testimony of plaintiff in error, to which ruling of the court plaintiff in error duly excepted."

The defendant tendered proof that there was no liability on its part by reason of the damages claimed to have been suffered by Cecil Brown, plaintiff in the action, and further, that Cecil Brown suffered no damage upon which to predicate the purported cause of action, both of which tenders of evidence, under the rule announced in the last paragraph of the syllabus above quoted in the Orwig Case, are proper defensive matter in such a cause as this, wherein attorneys are endeavoring to establish their lien for a sum on the probable recovery and not alone on the sum received in the compromise.

In the present cause it appears that the trial court interpreted the attorneys' lien law contrary to the construction given it by the decisions of this court, that the parties hereto in the trial presented their proof in conformity with the interpretation of the law given by the trial court. In furtherance of justice, such conditions obtaining, this court will reverse the cause and order a new trial therein, that the same may be tried and the facts presented under a proper interpretation of the law pertaining thereto. Purdy v. Chambers, 128 Okla. 118, 261 Pac. 216.

For the reasons stated, the cause is reversed and remanded, with instructions to grant the defendant a new trial.

LEACH, DIFFENDAFFER, TEEHEE, and BENNETT, Commissioners, concur. HERR, Commissioner, concurs in result.

By the Court: It is so ordered.