**JONES v. RALLS et al.**

No. 20521.  Opinion Filed Oct. 6, 1931.

George Trice and Denver N. Davison, for plaintiff in error.

G. T. Ralls and James R. Wood, for defendants in error.

LESTER, C. J. This is an appeal from the district court of Coal county, Okla., wherein the defendants in error obtained a judgment against the plaintiff in error upon a motion for judgment involving attorney's lien contract for recovery of 100 acres of land described in defendants in error's motion. Plaintiff in error filed response to the motion in the court below consisting of a general denial of the allegations set forth in the motion by the defendants in error.

The plaintiff in error assigns several specifications of error, which are as follows:

"I. The court erred in overruling the motion of the plaintiff in error for new trial.

"2. The judgment of the court is contrary to and not sustained by law.

"3. The judgment of the court is contrary to and not sustained by the evidence.

"4. The uncontradicted evidence in the case shows that defendants in error had no cause of action against the plaintiff in error.

"5. The court erred in holding that the plaintiff in error had compromised or sought to compromise the cause of action with the original plaintiff herein."

We find from the record that on May 2, 1925, Douglas Lankford employed the defendants in error to prosecute a certain action for the recovery of the 100 acres mentioned.

The contract of employment was in writing and duly recorded in the county clerk's office in the county where the land was situated. On May 5, 1925, cause of action was filed by James R. Wood and G. T. Ralls as attorneys for Lankford. On May 5th, summons was issued and returned on the 6th day of May, showing service on the plaintiff in error. Thereafter, on the 12th day of June, 1925, a deed duly acknowledged conveying lands in controversy to Lizzie C. Hill and C. D. Hill by Douglas Lankford, and on the 12th day of June, 1925, C. D. Hill and Lizzie Hill made and executed a deed of conveyance to the said lands to the plaintiff in error, J. T. Jones.

On the 29th day of January, 1926, G. T. Ralls, who had theretofore received an assignment from James R. Wood to one-half interest in the attorney's contract, and James R. Wood both filed in the said cause then pending in the district court of Coal county motion for judgment in said action.

After hearing on said motion and all the evidence introduced for consideration of the trial court, the court found that the cause of action had been settled without the knowledge and consent of the attorneys of record and owners and holders of the contract.

The evidence in this record shows conclusively that there was a settlement without the knowledge and consent of the attorneys by the plaintiff in error, and that evidence further shows that defendants in error had fully completed their attorney's lien as required by law, and there being a disputed question of fact, the same will not be disturbed on appeal.

Contention is made by the plaintiff in error that the law of this state does not support the judgment below.

This case is governed by the case of Simpson v. Baker, 123 Okla. 118, 252 P. 834, wherein this court held:

"Where an attorney, under a written contract with his client to represent him in the recovery of 160 acres of land, which provided that he should have one-half of said land as a consideration for his services instituted the action for the recovery of the land in the proper court, complied with all the statutory requirements to perfect his lien for the fee claimed, and performed all the necessary services under his contract, and the defendant in the action, while said action was pending, secretly and without knowledge or consent of said attorney procured a deed from plaintiff, attorney's client, and thereby precluded any possibility of recovery by plaintiff in the action, the attorney is entitled to recover his fee for at least one-third of said land, under section 4103, C. O. S. 1921, without making proof that plaintiff was entitled to recover in said action or that defendant was liable in said action, and to enforce his statutory lien against said property."

Cases of this nature have heretofore been held by this court to be equitable actions triable to the court, and where all of the

evidence is submitted to the court, and unless the judgment of the court is clearly against the weight of the evidence, the finding of the trial court will not be disturbed on appeal. See Simpson v. Baker, supra, where it is held:

"An action by the plaintiff to enforce an attorney's lien against the defendant based on the compromise and settlement of litigation without notice to the attorneys, is an equitable action and triable to the court as an equity suit."

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.