## McARTHUR v. LOTRIDGE, Rec.

No. 26670.  June 2, 1936.

H. S. McArthur and Chas. W. Wortman, for plaintiff in error.

Hudson & Hudson, for defendant in error.

GIBSON, J. This appeal comes here from the district court of Tulsa county. The proceeding is one instituted by motion on the part of plaintiff in error to enforce an attorney's lien pursuant to sections 4204 and 4207, O. S. 1931.

The parties plaintiff in error and defendant in error will be referred to herein as movant and respondent, respectively.

The uncontroverted evidence produced substantially the following facts: One Irene Stewart claimed to possess a cause of action against respondent for personal injuries. On the 22nd day of February, 1933, she entered into a written contract with Shea & Trower, a firm of attorneys in Tulsa, wherein she employed them to prosecute her claim against respondent upon a contingent fee basis. Two days later she executed a similar contract with movant, who was also an attorney at the Tulsa bar. The movant, pursuant to his contract, filed suit against respondent in the district court of Tulsa county on the following March 7th. The action was numbered 55891 in said court, and the petition therein had indorsed on the face thereof the movant's name with the words "Lien Claimed," as provided in section 4204, O. S. 1931.

Thereafter, on or about March 11, 1933, the plaintiff in said action, with the assistance of Mr. Trower of the firm of Shea & Trower, and without movant's consent, dismissed said cause without prejudice, advised movant thereof and discharged him as attorney in the prosecution of said claim. Thereupon, movant notified Hudson & Hudson, attorneys of record for respondent, of his lien claim on the cause of action of the plaintiff in said suit.

Thereafter, on the 11th day of May, Shea & Trower filed suit in the same court for Miss Stewart pursuant to their contract heretofore mentioned. That action, No. 56294, proceeded to judgment against respondent herein and, pending appeal to this court, was settled by the parties by payment to Miss Stewart by respondent of the sum of $3,750.

Shea & Trower had at no time been discharged as attorneys for Miss Stewart.

Upon learning of the aforementioned settlement, movant filed his motion in the first case, No. 55891, to reinstate the cause and to determine and allow him an attorney fee against respondent.

Respondent filed no written response, but appeared and resisted the motion upon the theory that movant acted in bad faith when he accepted a contract from Miss Stewart, in that he was aware of the existence of the contract held by Shea & Trower and that they had not been discharged by Miss Stewart.

The trial court denied the motion, and movant has appealed.

The assignments embrace the alleged errors that the judgment is contrary to law, and contrary to, and not supported by, the evidence.

The present proceeding is one in equity. Simpson v. Baker, 123 Okla. 118, 252 P. 834. If the judgment of the trial court is to be reversed, it must appear to be against the clear weight of the evidence and, in view of the record as here presented, such reversal must rest upon the ground that there is insufficient evidence of bad faith on the part of movant to support the judgment.

While the present action is not one between attorney and client, certain rules of law arising from that relationship must govern in the disposition of this appeal. If movant was actuated by bad faith toward Miss Stewart in procuring the contract with her, she was then justified in discharging him as her attorney. His authority as such attorney would thereupon cease and his lien claim upon her cause of action fail. A contract between attorney and client providing for a fee upon a contingent basis is not binding unless entered into in good faith (Board of Education v. Thurman, 121 Okla. 108, 247 P. 996), and such contract is rendered voidable if made with suppression or reserve of material facts or of apprehended difficulties. 6 C. J. 740, sec. 316. In the Thurman Case the rule is stated as follows:

"A contract between attorney and client upon a contingent basis, to be binding, must be made in good faith, without suppression or reserve of fact, and without undue influence, and the compensation bargained for must be just and fair."

The evidence on the question of the bad

faith of movant is conflicting. Miss Stewart, appearing as a witness for respondent, testified that at the time of the execution of the contract with movant she informed him of her contract with the other firm of attorneys; that movant induced her to sign the contract by assuring her that the other lawyers were charging her an exorbitant fee, and that said lawyers were inexperienced and unable to properly represent her, and that he was able to secure better and quicker results, and that she would be under no further obligation to said attorneys by reason of their contract. Movant, as a witness in his own behalf, specifically denied all the foregoing testimony. This, and the undisputed facts heretofore related, constitute the material evidence in the case.

The evidence of respondent is sufficient to establish bad faith on the part of movant in his transaction with Miss Stewart. As shown by her testimony, the movant accepted his contract of employment in total disregard of the client's duties and obligations to Shea & Trower. That firm already held an interest in the client's cause of action which could not be extinguished without just cause. Stone v. Sullivan, 146 Okla. 113, 293 P. 232, 234. Movant, according to respondent's evidence, knew of this interest. He is charged with the knowledge that the claim of Shea & Trower would, or could, present serious difficulties to the client if movant's own contract should be allowed to stand. These facts standing alone are sufficient to constitute bad faith on the part of movant and to furnish the client justifiable cause for dismissal of the action filed by him, and his dismissal as counsel.

Movant has denied the foregoing testimony, but we are unable to say that the trial court's judgment is against the clear weight of all the evidence.

Movant now says the question of his alleged unethical conduct toward Shea & Trower is not before this court. That is true. The question is not directly presented, and the same is not material here.

The judgment is affirmed.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, and CORN, JJ., concur. McNEILL, C. J., and BAYLESS and BUSBY, JJ., absent.