## SIMPSON v. BAKER.

No. 16094—Opinion Filed Nov. 30, 1926.

Rehearing Denied Jan. 18, 1927.

1. **Attorney and Client—Action to Enforce Attorney's Lien Against Party Compromising with Client an Equitable Action.**

An action by the plaintiff to enforce an attorney's lien against the defendant, based on the compromise and settlement of litigation without notice to the attorneys, is an equitable action and triable to the court as an equity suit.

2. **Same—Right of Attorney to Recover One-Third of Land Involved Without Proof of Client's Rights.**

Where an attorney, under a written contract with his client to represent him in the recovery of 160 acres of land, which provided that he should have one-half of said land as a consideration for his services, instituted the action for the recovery of the land in the proper court, complied with all of the statutory requirements to perfect his lien for the fee claimed, and performed all the necessary services under his contract. and the defendant in the action, while said action was pending, secretly and without the knowledge or consent of said attorney procured a deed from plaintiff, attorney's client, and thereby precluded any possibility of recovery by plaintiff in action, the attorney is entitled to recover his fee for at least one-third of said land, under section 4103, Comp. Stat. 1921., without making proof that plaintiff was entitled to recover in said action or that defendant was liable in said action, and to enforce his statutory lien against said property.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by R. E. Simpson against J. Will Baker to recover a one-third interest in 160 acres of land, due him under a contract for an attorney's lien, and to enforce said lien. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

A. L. Emery, for plaintiff in error.

Wm. C. Alley, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Okmulgee county, Okla., by R. E. Simpson, plaintiff in error, against J. Will Baker, defendant in error, to recover a one-third interest in the northwest quarter of section 28, township 13 north, range 13 east, in Okmulgee county, Okla., consisting of 160 acres, due him under a written contract for an attorney's lien and to enforce said lien.

The facts alleged and proven by plaintiff in error. necessary to a decision in this case, are that he is a regularly practicing attorney, duly admitted to practice before the courts of the state of Oklahoma, and that, under a written contract with Thomas Herrod, he instituted an action for the said Thomas Herrod against J. Will Baker, the defendant in error, to recover the 160 acres, above described, and to set aside a deed executed by the said Thomas Herrod to J. Will Baker upon the grounds that it was obtained by duress and fraud and at a grossly inadequate consideration, and that while said action was pending J. Will Baker, the defendant in error, secretly settled and compromised the said cause of action with the plaintiff, Thomas Herrod, his client, by obtaining from said Thomas Herrod a quitclaim deed to the above described land, without his knowledge or consent, and had the said quitclaim deed recorded in Okmulgee county,

Okla.; that the defendant in error well knew that he was attorney of record for the plaintiff, and that he had marked upon his petition and upon the docket of the court. "Lien Claimed," and had his written contract recorded which provided that he should receive an undivided one-half interest in the lands described in this action, and that, notwithstanding such knowledge, the defendant in error compromised and settled said cause of action with the plaintiff, Thomas Herrod, and asked for a judgment for an undivided one-third interest in the above described lands. A copy of said agreement was attached to the petition, which recited that the plaintiff in error should receive as consideration for his services an undivided one-half interest in the lands. That, in accordance with said contract, he instituted said action and performed the necessary legal services under said contract and had fully performed his part thereof, under said contract, up to and including the time that defendant in error secured the quitclaim deed from his client for the land in dispute, and he introduced in evidence the civil appearance docket, showing the filing of the petition in case No. 11234, Thomas Herrod, plaintiff, and J. Will Baker, defendant, on June 12, 1923, showing marked, "Lien Claimed," and R. E. Simpson as attorney for plaintiff, Thomas Herrod, and numerous pleadings by plaintiff and defendant in the case. He also introduced his written contract, which provided that plaintiff in error should have one-half of the lands in dispute as consideration for his legal services in said cause, and also introduced the quitclaim deed from Thomas Herrod to defendant, J. Will Baker, dated the 19th day of February, 1924, and filed for record on the 19th day of February, 1924, and recorded on the same day.

Defendant in error, in his amended answer, presented a general denial and attacked the constitutionality of the provision of the statute providing for attorney's liens under the contract.

The only evidence offered by defendant in error that is pertinent to the issues in this case, which was admitted by the court, was in answer to this question:

"Q. Mr. Baker, this suit was instituted against you on June 12, 1923. Since that time, Mr. Baker, have you settled this lawsuit with the plaintiff, Thomas Herrod? A. No, sir"

—which question and answer were objected to by the plaintiff in error, for the reason it called for a conclusion of the witness, but the objection was overruled by the court.

The defendant in error demanded a jury trial, to which the plaintiff in error objected for the reason it was a special summary proceeding in equity and that a jury trial was not authorized or proper, and over the objection of plaintiff in error, the court sustained the motion of defendant in error for a jury trial on the ground that it was purely a law action, and the cause proceeded to trial before a jury, and at the beginning of the taking of evidence the plaintiff in error objected to the introduction of any evidence on part of the defendant and at the close of evidence on part of defendant in error the plaintiff in error interposed a demurrer to the sufficiency of the evidence and asked for judgment. The demurrer and objection were both overruled by the court and exceptions duly reserved. The jury returned its verdict in favor of the defendant in error and against the plaintiff in error, and after an unsuccessful motion for new trial and proper exceptions reserved the court pronounced judgment upon the verdict of the jury, and the cause comes regularly to this court for review by this court on appeal by plaintiff in error.

The attorney for plaintiff in error presents this appeal upon the following grounds: First, the plaintiff in error is entitled to a judgment in this action on the evidence for one-third of the land involved; second, that the trial court erred in submitting the cause to trial by a jury.

We will pass upon the questions raised by attorney for plaintiff in error in reverse order and dispose of the question of the court trying this case as a law action and allowing the request of defendant in error for a jury trial over the protest of plaintiff in error. Unquestionably this proceeding is, as contended for by attorney for plaintiff in error, a special summary statutory proceeding in equity and no jury trial was authorized.. The trial court, in passing upon the question, said, in substance, that it being a suit for the recovery of real estate from defendant in error, for that reason the defendant in error was entitled to a trial by a jury, he being in possession. Under such conditions, it is unlike a case where the chancellor calls in a jury in an advisory capacity in an equitable action, and undoubtedly the trial court, in passing upon the motion for new trial herein, treated the verdict of the jury as being conclusive upon him as to the facts in the case, and we cannot agree with counsel that, under such circumstances, this was harmless error. Whatever may be the opinion of parties in regard to whether this was a law action or an

equitable action, this court has concluded the question in the case of Boland v. Reily et al., decided January 7, 1925. (opinion subsequently withdrawn and new opinion filed [see 115 Okla. 107, 241 Pac. 742]), in which this court said:

"An action by the plaintiffs to enforce an attorney's lien against the defendant, based on the compromise and settlement of litigation without notice to the attorneys, is an equitable action and triable to the court as an equity suit."

We are, therefore, of the opinion that the court committed reversible error in the trial of this cause as a law action, over the objection of plaintiff in error, and that the same should be reversed upon this ground urged in the brief of attorney for plaintiff in error.

Upon the other question, the evidence is uncontradicted that the plaintiff in error was legally employed under the written contract, referred to; that he performed all the necessary services; that he was entitled, under the contract, to an undivided one-half interest in the land in controversy, had the case proceeded to judgment, and undoubtedly was entitled to an undivided one-third of the land in controversy, and the defendant in error by his act in secretly taking a quitclaim deed to the land from the client of plaintiff in error, Thomas Herrod, precluded any possibility of plaintiff in error obtaining judgment for his client for the land in controversy here, and undoubtedly section 4103, Comp. Stat. 1921, was made to apply to just such case as is presented here, where it says that an attorney, under such circumstances, having a contract of employment for a portion of the property specifically agreed upon in the contract, that "* * * but the fact of settlement shall be sufficient without other proof to establish that the party making the settlement was liable in the action." Then, in this case, the amount of the recovery for his client would have been the entire 160 acres and, under his contract and under the statute, he was entitled to the fixed amount of at least one-third of the 160 acres and the taking of the quitclaim deed by the defendant in error was a settlement with the client of plaintiff in error when he took the quitclaim deed for the whole of the 160 acres. This case is unlike the cases of Orwig et al. v. Emerick, 107 Okla. 134, 231 Pac. 234, and Cooper v. Jackson, 104 Okla. 277, 231 Pac. 223; and Boland v. Reily, supra, for, in all of those cases, there was a judgment asked for damages for an undetermined amount, and for that reason it was incumbent upon the attorney claiming a lien, under his contract, on the subject-matter of the action, to establish the amount he was entitled to recover. In the instant case the plaintiff in error dismissed all claims he had for an interest in a money judgment for withholding possession of the land and for rents and profits and stood solely upon his right to recover one-third of the land as his fee contracted for by him. There is no dispute of the fact that the plaintiff in error complied strictly with the statute law of this state and preserved his lien in this case, as prescribed by statute, and we are of the opinion that section 4103 was enacted for his protection, and that, under the proof here, he was entitled to a judgment from the trial court for an undivided one-third interest in the land in controversy.

We are, therefore, of the opinion that the judgment of the trial court should be reversed, and the cause remanded, with instructions to the trial court to render judgment in favor of the plaintiff in error for an undivided one-third of the lands in controversy and for foreclosure of his lien and for his costs.

By the Court: It is so ordered.

Note.—See under (1) 6 C. J. p. 801, §416. (2) 6 C. J. p. 791, §403 (Anno); p. 803, §424 (Anno); 2 R. C. L. pp. 1084 et seq.; 1 R. C. L. Supp. p. 697.