## BOULDING et al. v. SLICK et al.

No. 21202.  Opinion Filed Oct. 25, 1932.

Rehearing Denied Jan. 3, 1933.

J. J. Bruce and Bruce & Jefferson, for plaintiffs in error.

Grant & Grant, E. L. Harris, W. N. Stokes, and R. J. Roberts, for defendants in error.

190

ANDREWS, J. The record shows that Perryman Cudjo and R. L. M. Blakemore and Robert Jones, his attorneys in fact, by written agreement in which they were the parties of the first part, employed one R. P. Boulding, an attorney, to prosecute a certain suit or action at law in their behalf to quiet title in them to certain real estate situated in Seminole county, Okla., and that they agreed to pay him all legitimate expenses of the suit and "allow" him "a sum equal to an undivided one-half of any and all sums recovered by virtue of the ownership of the parties of the first part in and to said lands," the consideration being elsewhere defined in the written contract as "A contingent fee of fifty (50%) per centum of money, proceeds, profits, royalties, and other equities that may be made for the said parties of the first part, as their interest may appear or be determined, whether by suit, compromise or otherwise. * * *" That contract was duly recorded.

Thereafter one T. B. Slick commenced an action in the district court of Seminole county against the said Perryman Cudjo, R. L. M. Blakemore, and Robert Jones for the purpose of quieting his title to certain oil rights in the same land, that cause being numbered 11889 on the dockets of the district court of Seminole county. Hereinafter it will be referred to as cause numbered 11889.

The plaintiffs in error herein appeared in cause numbered 11889 as attorneys for the defendants in that action and filed therein an answer to the allegations of the petition of the plaintiff therein. They also filed therein a cross-petition praying for the possession of the land and the quieting of the title thereto. The court in that cause, at the request of the cross-petitioners, by order made T. B. Slick, C. M. Beckett, E. L. Harris, trustee, A. E. Raiford, R. J. Koch, and J. Read Moore parties defendant to that cross-petition. The cross-petition was indorsed "Attorneys' Lien Claimed."

While that action was pending, the original defendants and cross-petitioners therein filed therein a dismissal of their cross-petition therein with prejudice and without notice thereof to, and without the consent of their attorneys. Thereafter judgment was rendered in that action in favor of T. B. Slick, the plaintiff therein, against the original defendants in that action.

Thereafter the plaintiffs in error herein, who were the attorneys of record for the original defendants in that action, instituted an action in the district court of Seminole county against T. B. Slick, C. M. Beckett, E. L. Harris, trustee, A. E.
Raiford, R. J. Koch, and J. Read Moore for the recovery of the atttorneys' fee provided by the contract between Perryman Cudjo and R. P. Boulding.

The cause was tried to the court and judgment was rendered in favor of the plaintiffs in error herein and against the defendants C. M. Beckett, A. E. Raiford, and R. J. Koch, and against the plaintiffs in error herein and in favor of the defendants in error herein, T. B. Slick, J. Read Moore, and E. L. Harris, trustee. From that judgment, the plaintiffs appealed to this court.

The claim of the plaintiffs in error herein is based upon the provisions of section 4206, O. S. 1931 (section 4102, C. O. S. 1921), which is as follows:

"Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action or claim wherein is involved any lien, as mentioned in the preceding section thereof, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment. * * *"

They contend that the trial court erred in refusing to render judgment in their favor against the defendants in error herein. In support of their contention they cite the decision of this court in Simpson v. Baker, 123 Okla. 118, 252 P. 834. The cited case is not controlling in the present case. The rule therein stated is applicable where a compromise and settlement is made between the parties, but it is not applicable in the absence of such a compromise and settlement between the parties. Neither is the decision of this court in Western States Oil & Land Co. v. Helms, 143 Okla. 206, 288 P. 964, controlling herein. In this case the decision of this court in Chowning v. Ledbetter, 86 Okla. 269, 208 P. 829, is applicable. Therein this court held:

"In a suit seeking to recover reasonable compensation for his services in a former suit by an attorney against several parties who were defendants in the former suit in which said attorney was employed, for the reason that said defendants had compromised and procured a dismissal of said suit with the attorney's client without notice to said attorney and without his consent, and, upon a trial of said cause, the undisputed evidence developed that three of the defendants had nothing to do with the settlement of said former suit, and the suit by said attorney was dismissed as to them, but judgment in favor of said plaintiff, attorney, for full compensation was procured against the defend-

ant who negotiated the settlement and secured the dismissal of the suit, such dismissal of said defendants gave no ground for complaint or plea of error by such compromising defendant because of such dismissal nor by reason of the attorney securing judgment against the said compromising defendant for the full amount of the reasonable compensation for his services in the original suit; since, under section 249, Rev. Laws 1910, the party settling or compromising is the one who is liable to the attorney for the reasonable compensation for services performed in connection with said former action."

The facts in that case are similar to the facts in this case and should govern. Therein the facts show that a former suit had been brought by Ledbetter for Hickman against Chowning, the owner of the fee in the land, and Crosby, Little, and Harrison, who owned oil royalty and leases. The suit sought the cancellation of the deed from Hickman to Chowning and the lease claimed by Crosby, Little, and Harrison. The suit by Ledbetter against Chowning was based upon the claim that Hickman, who made a contract with Ledbetter, had made a compromise and settlement of the case with Chowning without consulting Ledbetter. The suit was dismissed as to Crosby and a verdict returned in favor of Little and Harrison, but judgment was entered against Chowning in favor of Ledbetter on the ground that Chowning was the only party who participated in the settlement which resulted in the dismissal of the entire suit.

The record in the case before this court shows that the trial court found that the defendants in error herein did not participate in any compromise or settlement of the issues in cause numbered 11889. It was upon that finding that the trial court rendered judgment in favor of the defendants in error herein.

Under the provisions of section 4205, O. S. 1931 (section 4101, C. O. S. 1921), no compromise or settlement entered into by an attorney's client without the consent of the attorney shall affect or abrogate the attorney's lien provided for by the statutes of Oklahoma. By the provisions of section 4206, supra, a party to any action or proposed action, whose interest is adverse to the client contracting with an attorney, who settles or compromises the cause of action or claim, becomes liable to such an attorney for the fee due him or to become due him under his contract of employment. The provisions of that section do not apply to a party to an action or proposed action, whose interest is adverse to the client contracting with an attorney, who does not settle or compromise the cause of action or claim, and such a party does not become liable to such an attorney for the fee due him or to become due him because of a settlement or compromise by some other party to the action or proposed action.

The action before this court is an equitable action. An action by the plaintiff to enforce an attorney's lien against the defendant, based on a compromise and settlement of litigation without notice to the attorneys, is an equitable action and triable to the court as an equity suit. Simpson v. Baker, supra. It is a well-established rule in this state that a judgment of a trial court in an equitable action will not be set aside unless the judgment is against the clear weight of the evidence. Johnson v. Johnston, 82 Okla. 259, 200 P. 204.

We have, then, for consideration the question of whether or not the finding and judgment of the trial court is against the clear weight of the evidence. An examination of that evidence discloses that the finding and judgment of the trial court is supported by the evidence.

The plaintiffs in error contend that the trial court erred in admitting the evidence tending to show that the defendants in error did not participate in the compromise and that they had no knowledge of the same and did not ratify the same, that contention being based upon the further contention that the record in a judicial proceeding may not be attacked in the absence of a showing of fraud or mistake. We find nothing in the record to support that contention. The only record from which such a conclusion could be drawn is the order of dismissal, as follows:

"Comes now the defendant, Perryman Cudjo, in person and by his attorneys, the undersigned, and dismisses his cross-petition in the above action, with prejudice, all the matters and things in controversy herein between him and all other parties to the suit having been completely adjusted and compromised."

After the cross-petition of Cudjo had been dismissed, the only pleading in case numbered 11889 was the petition of T. B. Slick, upon which he later filed a motion for judgment. That motion is as follows:

"Comes now the plaintiff, T. B. Slick, and moves the court for judgment by default herein for the reason that the defendants have dismissed their answer and cross-petition with prejudice."

The motion for judgment was not based

on an allegation of compromise or settlement, but upon an allegation that the answer and cross-petition has been dismissed. In the judgment the court found:

"That the answer and cross-petition filed herein by the defendants has been dismissed with prejudice by said defendants, and that plaintiff is entitled to judgment as prayed for."

There was no reference therein to any compromise or settlement. We find nothing in the record to show that the testimony complained of contradicted any record of the court.

The plaintiffs in error contend that the trial court erred in not finding as a matter of fact and holding as a matter of law that T. B. Slick, J. Read Moore, and E. L. Harris, trustee, were estopped from denying that they were parties to the compromise and settlement, and that the same was binding upon them because they received the benefits flowing therefrom. Their contention is that the dismissal of the cross-petition inured to the benefit of the other defendants. They insist that the compromise was ratified by the defendants in error because they did not take steps to have the dismissal set aside. They cite United States Fidelity & Guaranty Co. v. Shirk, 20 Okla. 576, 95 P. 218, in which this court held:

"One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own, with all its burdens, as well as all its benefits."

—J. I. Case Threshing Mach. Co. v. Lyons & Co., 40 Okla. 356, 138 P. 167, and other cases. The cases cited are neither controlling nor persuasive.

By the preponderance of testimony, it was shown that the defendants in error took no part in the compromise and settlement; that they contributed nothing toward it, and that they had no knowledge of it until after it was made. It was shown that neither King, who made the settlement, nor Beckett, for whom he was acting, pretended that he or they were acting for the defendants in error. Proof that the defendants in error benefited by the dismissal of the cross-petition does not prove that they ratified the compromise and settlement. No ratification was shown. We quote from 21 R. C. L., section 99, p. 922, under Principal and Agent, as follows:

"The party alleging a ratification sustains the burden of establishing the fact, and the evidence should be plain and unequivocal"

—and from 2 C. J., pp. 467 and 468, as follows:

"Ratification as it relates to the law of agency may be defined as the express or implied adoption and confirmation by one person of an act or contract performed or entered into in his behalf by another who at the time assumed to act as his agent in doing the act or making the contract, without authority to do so. The substance of a ratification is confirmation after conduct; It confirms; it neither changes the contract nor makes a new one with different terms."

In Schlessinger v. Forest Products Co., 78 N. J. 637, 76 Atl. 1024, 138 Am. St. Rep. 627, that court said:

"The difficulty is that the doctrine of ratification is not applicable to a case where the person who makes the contract was not at the time, and did not profess or assume to be, acting on behalf of a principal. This subject has been recently discussed with thoroughness in the English courts, and the unanimous conclusion of the House of Lords establishes the rule above stated with most forcible arguments to which we have nothing to add. Durant v. Roberts (1900) 1 Q. B. 629; Keighley v. Durant (1901) A. C. 240."

The fact that a settlement or compromise by a party to an action or proposed action whose interest is adverse to the client contracting with an attorney inures to the benefit of another party to the action or proposed action, who did not settle or compromise the cause of action or claim, does not cause the second party to become liable for the fee due or to become due to the attorney under his contract of employment.

We find no error in the judgment of the trial court, and it is in all things affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., not participating.

Note.—See under (5) 2 R. C. L. 202; R. C. L. Perm. Supp. p. 376.