## GOLDBERG'S LOAN OFFICE v. EVANS.

No. 22725.    Oct. 30, 1934.

Samuel A. Boorstin and Frank Field, for plaintiff in error.

David Golden, for defendant in error.

BUSBY, J.   Robert L. Martin of Tulsa borrowed $150 from Ben Goldberg of Goldberg's Loan Office and deposited as security therefor a diamond ring. He contracted to pay as interest on the sum borrowed $15 per month. Between April 15 and September 15, 1929, he repaid Goldberg's Loan Office the total sum of $300, $150 being the repayment of the principal and the remaining $150 constituting usurious and illegal interest on the loan. On December 1, 1930, Martin entered into a written contract with Wayne C. Evans, defendant in error herein, to represent him as his attorney to make demand, and if necessary to institute an action, to recover from Goldberg the sum of $300, or double the amount of the usury paid, plus attorney's fee and court costs. The attorney's contract provided that Evans, as attorney, should receive 50 per cent. of the amount recovered. A proper notice and demand was, on December 1, 1930, served on Ben Goldberg, notifying him that in the event of his failure to repay and refund the $150 usurious interest paid, action would be brought for double that amount, attorney's fee and court costs. Accompanying the written demand from Martin to Goldberg was a letter in the form of a notice advising Goldberg that Evans had been retained to represent him and that he had a claim or lien on any compromise or settlement that might be made on account of the usurious charge and repayment. Goldberg ignored the demand and notice of lien claimed, and on December 4, 1930, Evans, as attorney for Martin, promptly followed up the demand by filing suit against Goldberg for double the amount usuriously charged, or

the sum of $300, and $100 attorney's fees and for cost. Goldberg then settled with Evans' client, Martin, out of court on December 29, 1930, paying him the sum of $68. This was done without Evans' knowledge or consent. The record shows that Goldberg either sought out Martin or conveniently visited his office and brought up a conversation relative to the settlement of the case out of court. There was some conversation on Martin's part to the effect that his attorney would have to be paid. Goldberg took the attitude that he would make settlement with Martin and Martin could take care of his own attorney in the matter in whatever way he wanted to. Goldberg paid Martin $68 and took a receipt for full settlement on December 29, 1930. Suit was then pending. Neither of the parties advised Evans of this transaction. On January 2, 1931, and after the surreptitious settlement, Goldberg's attorney filed a demurrer to the petition in the suit pending. On January 8, 1931, Martin, through his attorney, Wayne C. Evans, amended the original petition to include the words "lien claimed." Discovering that his client and Goldberg had made settlement without advising him, Evans, on January 19, 1931, filed motion for judgment for attorney's fees against Martin and Goldberg, and attached as an exhibit his contract of employment and a copy of the demand for return of usurious interest theretofore served on Goldberg. On January 19, 1931, Evans filed an amended motion for judgment for attorney's fee against Goldberg's Loan Office and Robert L. Martin, asking for judgment for $133.33, and attached as exhibit contract of employment and notice of attorney's lien. On January 21, 1931, Goldberg filed an answer setting out settlement had been made between Goldberg and Martin, and denying liability. Goldberg was given five days to file response to Evans' motion, but failed to respond. On February 17, 1931, a trial was had on Evans' motion for judgment against Goldberg's Loan Office and Robert L. Martin, and judgment was rendered for defendant in error herein, Evans, in the sum of $133.33 and cost against both Goldberg and Martin. Plaintiff in error, Goldberg's Loan Office, appealed from this judgment.

The question of law presented in this case is whether or not the attorney in the instant case had such a lien upon his client's cause of action that he can maintain this suit when his client and the defendant collusively settled out of court without his knowledge or consent and with the obvious intent to deprive him of an attorney's fee. Our answer is in the affirmative.

Plaintiff in error urges that under section 4204, O. S. 1931, an attorney, in order to have a lien upon his client's cause of action as against the defendant, must serve notice upon the defendant or proposed defendant, setting forth the fact of the lien or claim and the extent thereof, and that failure of such notice to set this forth fully does not make the lien binding upon the defendant. The object of any legal notice is to advise the person sought to be charged of the nature of the lien claimed and the extent thereof. The demand signed by Martin and served by the attorney, Evans, on Ben Goldberg at 4 o'clock p. m. December 30, 1930, set out fully what Martin intended to do; that was, that unless Goldberg repaid $150 usurious interest within 24 hours, he would institute suit for twice that amount, plus attorney's fee and court costs. The notice detailed the date of the loan, the amount of usurious interest paid, demand that this sum be refunded, and that if not repaid suit would be instituted for double the amount of usurious interest and attorney's fee. At the same time and place Goldberg was delivered a letter or notice from Evans reading as follows:

> "Wayne C. Evans
> "Attorney at Law
>
> "Court Arcade,
> "Tulsa, Oklahoma,
>
> "December 1, 1930.

"Goldberg's Loan Office
"14 West Fourth Street,
"Tulsa, Oklahoma.

"Gentlemen:

"Please be advised that I have been retained by Robert L. Martin to represent him in a claim that he has against you, arising out of the charging, receiving and taking of usurious interest. I have associated David Golden, attorney at law, in this case and we have and claim a lien on any settlement, compromise or payment that is, or shall be made on account of this claim.

> "Very truly yours,
> "Wayne C. Evans."

Thus Goldberg knew from the very outset that Evans was claiming a lien on any compromise, settlement or payment growing out of the case of Martin v. Goldberg's Loan Office, a Corporation. Evans did not indorse on his petition filed in behalf of Martin "lien claimed" until January 8, 1931, or some 30 days after written demand. But the notice

served by Evans gave him as much or more information from the outset than the words "lien claimed" written on the petition would have. Goldberg makes no attempt to defend or deny the charge of $150 usurious interest, so that obviously a judgment would have been rendered against him for $300, plus attorney's fees and costs as provided by statute had the case come on for trial on this issue in its regular order. The same crafty instincts which motivated Goldberg in conducting his business of charging usurious interest at the rate of $15 per month on the principal sum of $150 borrowed, also prompted him to make a settlement out of court in a manner which he thought would lessen his obvious liability. In Martin he found a tool who was willing to make quick settlement out of court without notifying or paying his employed attorney. It was a collusive and fraudulent arrangement between Goldberg and Martin for the deliberate purpose of defrauding Evans out of his fee. Under such circumstances it comes with poor grace for Goldberg to defend against liability herein on the technicality that he did not have sufficient notice of Evans' claim for attorneys' fees. His motive claiming insufficient notice lacks both honesty and equity. The statute provides:

"From the commencement of an action, * * * the attorney who represents the party in whose behalf such pleading is filed, shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding or judgment in his client's favor, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien, provided such attorney serves notice upon the defendant or defendants, * * * in which he shall set forth the nature of the lien he claims and the extent thereof; and said lien shall take effect from and after the service of such notice. * * *"

Goldberg was not prevented from settling with Martin as to his cause of action, but in doing so he could not destroy or affect the rights of Evans. He settled with Martin after suit was commenced with full notice of Evans' claim of a lien on any sum recovered. We therefore hold that the judgment of the lower court in rendering judgment against Goldberg's Loan Office and in favor of Attorney Wayne C. Evans in the sum of $133.33 should be, and the same is in all things affirmed.

RILEY, C. J., and McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., absent.