Cleta TISDALE, widow of Jerry Tisdale, Deceased, Rhonda Sue Tisdale, a minor, and Debra Jean Tisdale, a minor, by and through Cleta Tisdale, as next friend and natural guardian, Appellants,

v.

WHEELER BROTHERS GRAIN COMPANY, INC., Acid Engineers, Inc., a Kansas corporation, and Oklahoma Fracturing Service, Inc., an Oklahoma corporation, Appellees.

No. 53273.

Supreme Court of Oklahoma.

June 19, 1979.

Earl D. Mills, Linda G. Alexander, of Foliart, Mills & Niemeyer, Ed Abel, Abel, Musser & Sokolosky, Oklahoma City, for appellants, as realigned.

Don Hamilton, Oklahoma City, for appellees, as realigned.

Odie A. Nance, Harry Palmer, Oklahoma City, for appellees named in the caption.

OPALA, Justice:

This appeal is sought to be prosecuted by three (3) lawyers who deem themselves aggrieved by the trial judge's order, in a post-judgment ancillary proceeding, by which they were allowed, in counsel fees for representing two minor plaintiffs, substantially less than the percentage of total recovery fixed by their agreement with the minors' mother as the children's "next friend and natural guardian". Our consideration on the motion to dismiss is confined to three narrow questions of law: (1) Does a lawyer have standing to appeal, with or without the consent of his client, from an adverse decision, in a post-judgment stage, on the ancillary issue of his allowable share in the minor client's recovery? (2) Did the petition in error, filed here by the lawyers, effectively commence *their own* appeal? (3) May the trial court, after the petition in error is filed, proceed in the case to (a) change the mother's status in the suit [from a "next friend"] to that of a guardian ad litem (b) effect the appointment of an attorney to represent her in that capacity in this appeal and (c) direct that the difference in recovered funds between the fee allowed and that contracted for by the lawyers be kept "impounded" pending the outcome of this appeal?

As our answer to these three questions is in the affirmative, the motion to dismiss is denied. The appeal is ordered to proceed, with the lawyers aligned as parties-appellant, and the mother, as guardian ad litem for her two minor children, as appellee herein. The two corporate defendants in the tort action below, whose names stand reflected in the caption,[1] are neither adversary nor nominal parties to the attorney-client fee controversy generated by the trial court's order now on review before us. They are accordingly relieved from briefing responsibility and dismissed from participation in this appeal.

A post-judgment dispute about liability for, or the extent of, an attorney's fee claim due from recovery may be entertained in the original case as an ancillary proceeding in the nature of an equity suit triable to the court.[2] Relief may be sought

---

1. The petition in error, as required by statute, *correctly* designates the parties in the caption in the very form in which they were styled below. 20 O.S.1971, § 3002.

2. *Simpson v. Baker,* 123 Okl. 118, 252 P. 834, 835 [1927]; *Chicago R. I. & P. R. Co. v. Rittenhouse, Hanson & Evans,* Okl., 285 P.2d 186 [1955].

either by the lawyer or his client.[3] The court's authority to act upon the ancillary claim was properly invoked in this case by the minors' lawyers who desired judicial approval of (a) a litigation compromise agreement (b) their asserted share of recovery and (c) the manner in which to invest the minor clients' portion of judgment proceeds.[4]

■ A lawyer who deems himself aggrieved by the trial court's decision determining, in an ancillary proceeding, the amount of fee allowable to him from the client's recovery has a right to appeal that is *independent* of his client's will.[5]

■ We accordingly hold that the lawyers before us have standing to prosecute this appeal which does not depend on the mother's consent to its commencement. The rule announced by us in *Ogle v. Ogle*, Okl., 517 P.2d 797 [1973] is not apposite here. The lawyer in that case sought to prosecute an appeal from an order *denying his client*—a party in the divorce action—an allowance of counsel fees. In *Ogle* the attorney clearly did not have a litigable interest in the fee in his own right and independent of that client, whereas here the appealing lawyers have both a statutory lien claim as well as a contract right, both of which are protected by law. 5 O.S. 1971 §§ 6 and 7. Their claim is capable of *direct*, as distinguished from *vicarious*, assertion and vindication.

■ The body of the petition in error unmistakably identifies all the three lawyers by their names as "additional" parties-appellant [to those already named in the caption, i. e. the mother and the minors]. The inclusion of the mother and of the minors, as appellants here, though incorrect,[6] is far from fatal. With the parties now properly realigned, we can and must disregard the improvident addition of improper parties-appellant as mere harmless technical error.[7]

■ After the commencement of this appeal the trial court, among other things, changed the mother's status from that of a next friend to a guardian ad litem and, with her consent, appointed an attorney to represent her on appeal. We find no infirmity in this action which neither invaded our jurisdiction nor impaired its exercise.[8] It was clearly designed to safeguard a true adversary posture in the parties' alignment on appeal. This was, no doubt, viewed as essential to protect the rights of the minors. We agree. Neither can we find any jurisdictional flaw in that part of the trial court's order dealing with the impoundment of those recovered funds which are likely to be affected by the ultimate decision in this appeal. The power so exercised by the court is clearly incidental and similar in essence to its authority over stay, supersedeas, as well as over temporary adjustment of custodial rights, spousal or child support or other matters to be effective during the pendency of appeal. These matters—all ancillary to the proceedings on review—are now deemed to lie within the jurisdiction which may be exercised by the district court concurrently and coordinately with this court.[9] While they should be first presented below, a party who deems himself ag-

3. *Opperud v. Bussey,* 172 Okl. 625, 46 P.2d 319 [1935]; *Simpson v. Baker,* supra note 2.

4. 12 O.S.Supp.1972 § 83; *Lambert v. Hill,* 181 Okl. 225, 73 P.2d 124, 127 [1937].

5. *Conrad v. State Industrial Commission,* 181 Okl. 324, 73 P.2d 858 [1937]; *Opperud v. Bussey,* supra note 3; *Simpson v. Baker,* supra note 2.

6. The mother should have been recognized as an adversary party because of her interest as guardian in preserving the maximum net recovery for her children.

7. 12 O.S. 1971 § 990 makes all errors, other than the timely filing of an appeal, nonjurisdictional; *Dolezal v. Bostick,* 41 Okl. 743, 139 P. 964, 969 [1914].

8. The status change is clearly authorized by 12 O.S. 1971 § 226.

9. *Cochran v. Rambo,* Okl., 484 P.2d 500 [1971]; *Mapco, Inc. v. Means,* Okl., 538 P.2d 593 [1975].

grieved by a trial court's ruling upon such matters may re-present them in this court.[10]

 Our civil appeal rules—viewed as a whole—appear quite inconsistent with the pre-1969 notion and case law holding that, with the filing of a petition in error, an abrupt cessation occurs of the trial court's authority in the case over *all but collateral* issues to the appeal. There exist a large number of matters, *not collateral* but merely *ancillary* to the corrective process which is already invoked, whose resolution may be effected, as clearly contemplated by rules, at the trial court level. Some of these are set forth in the rules, others find expression in our case law. Among the various acts sanctioned for performance by the trial judge in the post-appeal stage, subject always to our power of re-examination, are those that will: (1) facilitate the completion of the record, allocate the costs of its preparation and reflect the correct procedural posture of the case [11] (2) provide, especially in matrimonial and other equity cases, for temporary adjustment of adjudicated rights pending the final disposition of appeal [12] (3) suspend the effectiveness of judgment by stay or supersedeas [13] and (4) enforce the unsuperseded or unstayed judgment.[14] The trial judge's post-appeal action under attack here, appears consistent with our rules and well within the outer limit of our post-1969 scheme for shared exercise of responsibility in the resolution of *issues ancillary to* the pending appeal.

Motion to dismiss is denied. Parties stand realigned. Appellees named in the caption are dismissed as parties. The application made here to release impounded funds may be first presented to the trial judge. If his action prove objectionable, re-consideration may be sought by an original motion in this court.

**10.** *Blair v. District Court of Oklahoma County*, Okl., 594 P.2d 367 [1979]; 50 OBJ 956, 957.

**11.** Rules on Perfecting a Civil Appeal, 12 O.S. Ch. 15, App. 2, Rules 1.20(c), 1.24(a), 1.25(b), 1.25(d), 1.25(e) and 1.26.

**12.** See supra notes 9 and 10.

LAVENDER, C. J., and WILLIAMS, HODGES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

**13.** Rules on Perfecting a Civil Appeal, supra note 11, Rule 1.13; *Mapco, Inc. v. Means*, supra note 9.

**14.** See note 9.