William A. JONES, Appellant,

v.

Cleta Helen JONES, Appellee.

Cleta Helen JONES, Petitioner,

v.

The Honorable Jess B. CLANTON, Jr., Associate Judge of the District Court of Craig County, Okla., Respondent.

Nos. 54673, 55077.

Supreme Court of Oklahoma.

June 3, 1980.

Pitcher, Castor & Hartley by William H. Castor, Vinita, for appellant and respondent.

Crawford, Crowe & Bainbridge by B. Hayden Crawford, Tulsa, for appellee and petitioner.

OPALA, Justice:

The question before us is whether, in a matrimonial action, the trial court has the authority to entertain wife's post-decree application for alimony and counsel fees after the husband's appeal has been brought here from the divorce decree. We hold that in the post-appeal stage of a matrimonial case in which no alimony was allowed the trial court is nonetheless vested with authority, subject always to our power of reexamination, to consider an application for provisional relief or interim adjustment of adjudicated property or custodial rights, all to remain in effect while the appeal is pending.

Husband brought an appeal in cause # 54,673, assigning error in granting a divorce to the wife and in the division of spousal assets. Some two months after commencement of appeal, wife brought below a post-decree application for alimony and counsel fees *pendente lite*. Based on perceived want of "jurisdiction", the trial court declined to take cognizance of the wife's plea. She subsequently sought a writ of mandamus in cause # 55,077 which would direct the trial judge to consider her application. We consolidate the two causes and direct the trial court to entertain and decide the issues raised in wife's application.[1]

■ Pre-1969 case law, which uniformly held that trial court's jurisdiction ceased or stood suspended when an appeal had been brought[2], constitutes obsolete lore.[3] Our post-1969 appellate procedure affords a con-

---

1. We need not assume original jurisdiction in cause # 55,077 because the relief sought is well within the range of power incident to our jurisdiction in the divorce appeal in cause # 54,673.

2. *Egbert v. St. Louis & S.F.R. Co.*, 50 Okl. 623, 151 P. 228 [1915]; *Wagoner Oil & Gas Co. v. Goad*, 136 Okl. 29, 275 P. 1036 [1929].

3. *Tisdale v. Wheeler Bros. Grain Co., Inc.*, Okl., 599 P.2d 1104, 1107 [1979].

venient framework within which both trial and appellate courts share in the exercise of responsibility in resolving issues that are "ancillary" to the pending appeal.[4] In matrimonial litigation, among acts a trial judge is fully empowered to perform in a post-appeal stage are those pertaining to "temporary adjustment of adjudicated rights pending the final disposition of appeal."[5]

Although in the case at bar permanent alimony did not form an issue below, nor is it presented among assignments of error on appeal, the absence of that issue does not limit the range of provisional relief which may be afforded while the appeal remains pending. This is, of course, especially true in a case such as this in which the appeal is brought to review the dissolution of marriage. This is so because the bond of matrimony remains legally unsevered.[6]

Availability of provisional relief in the form of post-decree "alimony" *pendente lite* is not necessarily confined to the appeal from granting (or denying) a divorce nor to that in which permanent alimony is among litigable issues on review. Our legal system does not mandate a conceptual approach so restrictive and narrow.

▆ As a form of provisional relief—granted for the duration of an interspousal appellate contest—"alimony" is a collective term used to describe a variety of monetary stipends for temporary accommodation of spousal rights still in litigation.[7] It may consist, *inter alia*, of an allowance found necessary for the protection and preservation of some adjudicated property interests or for spousal and child support. It can also include an advance upon a permanent alimony or property-division award with cred-

it given the obligor against any liability determined by the final judgment in the case or against that share of matrimonial assets which by final appellate disposition will have been set apart to the obligee.[8] The range of options available in fashioning provisional monetary relief for temporary adjustment or accommodation appropriate in a great variety of situations and to be applied to diverse spousal interests is indescribably wide. So is the sweep of discretion a judge may exercise. The trial judge's disposition is always subject to unfettered re-examination by this court. Its reviewing cognizance may be invoked by motion filed in the appeal. Ancillary issues sought to be re-examined need not be added, by an amendment, to the assignments set forth in the petition-in-error.[9]

Wife's application here under consideration clearly raises issues "ancillary" to the appeal because they relate to provisional accommodation or adjustment of spousal rights in appellate litigation.

▆ We think the trial judge's refusal to assume judicial cognizance of wife's application was anchored on an overly narrow concept of authority "ancillary" to the pending appeal.[10] During the pendency of review in a matrimonial case *any* issue with respect to provisional adjustment or preservation of adjudicated property or custodial rights or in regards to some needed provisional relief—whether credit for payments made is or is not to be applied on the obligation ultimately to be imposed—is to be deemed "ancillary" to the pending appeal and hence lies within the concurrent and coordinate cognizance of the district court. The sweep of that cognizance is

---

4.  *Tisdale v. Wheeler Bros. Grain Co., Inc.*, supra note 3.

5.  *Tisdale v. Wheeler Bros. Grain Co., Inc.*, supra note 3.

6.  12 O.S.1971 §§ 1280 & 1282.

7.  *Scott v. Scott*, 203 Okl. 60, 218 P.2d 373, 376 [1950]; *Smyth v. Smyth*, 201 Okl. 694, 209 P.2d 709, 714 [1949].

8.  *Scott v. Scott*, supra note 7, 218 P.2d at 376.

9.  *Tisdale v. Wheeler Bros. Grain Co., Inc.*, supra note 3 at 1106–1107.

10.  In *Blair v. District Court of Oklahoma County*, Okl., 594 P.2d 367, 369 [1979] we held that ". . . an appeal in a divorce action does not deprive trial courts . . . of judicial power to consider an application for alimony *pendente lite* concurrent and co-ordinate with this Court, *where* that issue is ancillary to the matters involved *in the appeal*." [Emphasis added]

coextensive with that which, prior to 1969, could be exercised solely by the Supreme Court.[11] Applications for relief pending disposition of appeal are to be likened to proceedings in which the terms of stay are sought to be arranged and imposed in any ordinary civil case in which supersedeas is not statutorily available.[12].

Causes consolidated; trial court directed to consider wife's application for relief during pendency of husband's appeal.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, BARNES, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, J., concurs in result.

---

11. *Kostachek v. Kostachek*, 40 Okl. 744, 124 P. 761 [1912]; *Hartshorn v. Hartshorn*, 67 Okl. 43, 155 P. 508 [1916].

12. In *Tisdale v. Wheeler Bros. Grain Co., Inc.*, supra note 3 at 1106, we explained thusly the nature of the trial judge's post-appeal power over stay:

"* * * Neither can we find any jurisdictional flaw in that part of the trial court's order dealing with the impoundment of those recovered funds which are likely to be affected by the ultimate decision in this appeal. *The power so exercised by the court is clearly incidental and similar in essence to its authority over stay, supersedeas, as well as over temporary adjustment of custodial rights, spousal or child support or other matters to be effective during the pendency of appeal. These matters—all ancillary to the proceedings on review—are now deemed to lie within the jurisdiction which may be exercised by the district court concurrently and coordinately with this court. * * "* [Emphasis added]