The TOWN OF MANNFORD, Oklahoma, a Municipal Corporation, Plaintiff in Error,

v.

Doyle WATSON, and John M. Wheeler, John M. Wheeler, Jr., and Robert L. Wheeler, d/b/a Wheeler & Wheeler, a Co-Partnership, Defendants in Error.

No. 40250.

Supreme Court of Oklahoma.

May 12, 1964.

Rehearing Denied July 28, 1964.

Jesse D. Swift, Sand Springs, Robert Blackstock, Bristow, for plaintiff in error.

Doyle Watson, Drumright, Wheeler & Wheeler, Tulsa, for defendants in error.

JACKSON, Justice.

Plaintiffs in the trial court, Watson, Wheeler and Wheeler, brought this action upon an alleged express oral contract for the recovery of a contingent attorney fee for representing the defendant Town of Mannford in negotiations with the Corps of Engineers for the United States Government. The Town of Mannford in its answer and testimony admitted the plaintiffs had performed services for the Town but alleged that their oral contract called for "cash fees" on a "piece-work" or "as work done" basis. Plaintiffs sought judgment upon their alleged "contingent fee" contract in the sum of $35,000. Defendant sought to limit the judgment to such sum as would compensate plaintiffs for their services on a "piece-work" or "as work done" basis (suggesting a minimum of $450.00 as having been earned.)

Numerous questions are presented on review and will be more clearly understood after a brief statement of the facts.

The evidence shows that prior to May, 1959, Mr. Watson was attorney for the Town of Mannford and was being paid cash fees on a "piece-work" or "as work done" basis. There is testimony that he preferred this arrangement to a "retainer." Prior to June 4, 1959, it was apparent that the construction of the Keystone Dam would inundate the Town of Mannford and it was hoped that by negotiations the Town might be adequately compensated for its municipal properties without condemnation proceedings. Mr. Watson was requested to assist Mr. Cheek, Town's Executive Administrator, in these negotiations and to perform such other legal services as might be required by the Town. Mr. Watson requested permission to employ the firm of Wheeler and Wheeler and, according to witnesses for the Town, stated that additional counsel would make no difference in the fee. Mr. Watson testified, however, that if additional counsel was authorized there would be only one attorney fee and that there would not be a separate fee charged by additional counsel.

On June 4, 1959, negotiations were resumed with Army Engineers who at that time were offering the Town approximately $300,000.00 for the damages it would sustain by inundation. Plaintiffs and the Town Board were present at this meeting. Following this meeting and during the afternoon, Town officers met with plaintiffs in the Wheeler offices in Tulsa. What Town officers were present in the Wheeler offices and what was said is in dispute. Mr. Wheeler Sr. testified that the Town Board, consisting of Mr. Wininger, Chairman, and Greenwood and Varnell, members, were present. He further testified that he stated to the Town Board, and others present, as follows:

"* * * Now, I understand that this fee is to be 5 per cent of the amount recovered" and they said 'Yes, that is the deal.' I said, 'Well, are you in a position to pay a cash fee' and they said, 'No, we cannot pay a cash fee.'

*　*　*　*　*　*

"* * * and they said, 'We want you to take it on a contingency basis' and I said, 'Well, I want to get that clearly settled in our minds.' and that was agreed to."

The testimony of Mr. Wheeler, Sr., was corroborated for the most part by Mr. Watson and by Mr. Wheeler, Jr.

Mr. Wininger, chairman of the Town Board, testified that at the meeting in the Wheeler offices a contingent fee arrangement was brought up; that he did not agree to pay a contingent fee of 5 per cent; that he asked plaintiffs to prepare a proposed contract for submission to the Town Board. He did not recall whether other Town Board members were present at that meeting. Mr. Greenwood testified that he was not present at the meeting, and Mr. Cheek, Executive Administrator for the Town, testified that the Board was not present.

All agree that after the contingent fee contract and claim was presented to the Town Board in writing that it was rejected on or about Nov. 12, 1959.

The evidence shows that following the June 4, 1959, meeting negotiations with the Army Engineers were conducted by Mr. Cheek, Executive Administrator, who on some occasions was assisted by plaintiffs. The evidence discloses in a limited way the extent of time and effort which plaintiffs contributed on behalf of the Town in these negotiations and with its legal problems in connection therewith. Plaintiffs were discharged in October or November, 1959, because of this fee controversy, and thereafter the Army Engineers entered into a contract for the Government to pay the Town approximately $700,-000.

From the foregoing statement of the pleadings and evidence it is apparent that the fact question of whether the parties contracted for a contigent fee, or cash fees on an "as work done" basis, is sharply drawn. However, as hereinafter shown, this issue was not sharply tried and presented to the jury.

From jury verdict and judgment in favor of plaintiffs for $17,787.00, the defendant Town has appealed.

For reversal of the judgment the defendant Town contends that the oral contract for a contingent fee is contrary to express Oklahoma Constitutional, statutory, and established case law limitations on municipal indebtedness, and suits for recovery thereon, citing Art. 10, Sec. 26, Oklahoma Const., 62 O.S.1961 §§ 479, 480, and 485, and numerous decisions from this court. In this connection it is also pointed out that no effort was made to comply with the provisions of 62 O.S.1961 § 362.

■ The size of the verdict and judgment in this case indicates that the verdict was not based upon cash fees on an "as work done" basis. If it were it would have to be stricken down for the reason that no effort was made in the trial court to comply with the above mentioned constitutional and statutory provisions as is required when a "Personal Judgment" is taken against a municipality.

■ It appears from the record and briefs of the plaintiffs herein that plaintiffs' cause was presented to the trial court and jury upon at least two theories for recovery. However, from our consideration of the whole problem we are of the view that a contingent fee contract is authorized by the provisions of 5 O.S.1961 § 7. In City of Barnsdall v. Curnutt, 198 Okl. 3, 174 P.2d 596, an attorney, Curnutt, was employed by the City of Barnsdall to determine who was polluting its water supply. Curnutt was to receive 40% of any sum recovered by compromise, or by an action to judgment. Prior to Curnutt's death, and by reason of his services, Cities Service. Oil Company offered $25,000 in settlement of Barnsdall's claim. Curnutt filed suit for $253,000, endorsed with his name and "Attorney's Lien Claimed." Curnutt died before trial and the case was subsequently settled by the City of Barnsdall for $35,000.

Curnutt's estate intervened and $10,000 of the settlement was deposited with the court clerk by agreement and order of the court. We approved the trial court's judgment in favor of the estate in the sum of $10,000, and in the third paragraph of the syllabus we held:

"Where an attorney employed on a contingent basis dies before a final adjudication or settlement has been had, his estate will be allowed to recover the reasonable value of the services rendered by him upon the subsequent successful termination of the litigation in the client's favor."

In the cited case we observed that the estate did not ask a "personal" judgment against the City of Barnsdall, but sought under 5 O.S.1941 § 6, the enforcement of a lien upon the fund remaining in the court clerk's hands from the proceeds of the settlement made by the City. We quoted from Callahan v. Cowley & Riddle, 117 Okl. 58, 245 P. 48, as follows:

"Thus, the purpose of said sections is to create such lien analogous to

liens created by statute, the better to secure laborers and other employees, and to create a certain liability of the adverse party for the fee. * * * "

See also Board of Education of Oklahoma City v. Thurman, 121 Okl. 108, 247 P. 996, where we approved, in part, a contingent fee contract entered into between the School Board and its attorney.

■ The Town of Mannford also argues that there is no evidence that the Town Board ever approved orally or in writing the proposed contingent fee contract upon which this action was brought. We are of the view that the testimony of Mr. Wheeler, Sr., and the testimony of the other plaintiffs was sufficient to support the alleged oral contingent fee contract. In this connection see W. O. Ligon & Company v. Town of Chelsea, Okl., 346 P.2d 178.

■■ In Town of Mannford's third and fourth propositions for reversal it is asserted that Federal laws prohibit percentage or contingent fee employment agreements, citing 44 C.F.R., Secs. 150.4, and 150.5; Hazelton v. Sheckells, 202 U.S. 71, 26 S.Ct. 567, 50 L.Ed. 939; and Vogt Brothers Mfg. Co. v. Stansbury, Ky., 304 S.W.2d 787. The cited authorities were designed to remove "influence peddling", and we do not believe they were enacted or promulgated to reach the contingent fee contract involved in this case. Plaintiff's were "Bonafide" employees whether to be paid in cash or by contingent fee. While we think it was error for the trial court to permit expert legal testimony regarding the meaning of Article 10 of the contract between the Town and the U. S. Government concerning the covenant against contingent and percentage fees, we think the error was harmless. The interpretation of statutory law and of written contracts is for the court.

■ The Town of Mannford complains of the court's instructions to the jury in that the court failed to instruct the jury that plaintiffs could not recover upon their alleged contingent fee contract without making proof that the amount claimed was within the provisions of Art. 10, Sec. 26, Okla.Const., and 62 O.S.1961 §§ 362, 480, and 485, and in failing to instruct the jury that the Town Board could not adopt or ratify a contract in conflict with those provisions. As heretofore observed the plaintiffs were not seeking a judgment to be paid from the Town's general revenue funds but from a fund to be created or increased by their services. Under such circumstances the cited constitutional and statutory provisions were not applicable to plaintiffs' alleged contingent fee contract and the instructions were appropriately silent thereon. Such constitutional and statutory provisions would have been applicable if the jury had returned a verdict on defendant's version of the contract for cash fees on a "piece-work" or "as work done" basis.

■ It is also contended that the court erred in instructing the jury that a contract could be express or implied, and that a contract may be implied from the conduct of the parties. We are of the view that both parties pled express contracts and that there was no occasion for an instruction upon implied contract. However, we are unable to conclude that the instruction constituted reversible error. In this connection defendant argues that the $17,787.00 verdict, as distinguished from the amount claimed ($35,000.00), can only be explained by this erroneous instruction. We doubt that this conclusion can be justified. At the time plaintiffs were employed, Army Engineers were offering the defendant approximately $300,000.00 in settlement of its damages. The jury could well have concluded that there was a failure of consideration for 5% upon approximately $300,000.00 which was available to the Town at the time plaintiffs were employed, and that plaintiffs had done nothing to earn 5% on that amount of money.

■ We are unable to conclude from the instructions as a whole that the jury was misled by the instructions as given. We have also carefully considered the de-

fendant's requested instructions and find no reversible error for failure to give them. Many of them go to the proposition that Art. 10, Sec. 26, Okla.Const., 62 O.S.1961 §§ 362, 479, 480, and 485, are applicable to plaintiffs' alleged contingent fee contract. Under our views as herein expressed these provisions are not applicable to plaintiffs' theory for recovery and it was not error to reject these requested instructions. These requested instructions were not sought in connection with defendant's alleged "cash fee" contract.

As a further ground for reversal it is asserted that plaintiffs failed to prove that they had listed their claim for intangible taxes and paid the taxes imposed as required by the provisions of 68 O.S.1961 § 1515. In 68 O.S.1961 § 1503, it is provided:

> "The following intangible personal property, as defined in Section 1 of this Act (68 O.S.1961 § 1501), shall not be subject to taxation under this Act:
>
> *   *   *   *   *   *
>
> "(f) Obligations of the State of Oklahoma, and of political subdivisions thereof."

In defendant's final proposition for reversal it is asserted that the trial court abused its authority in allowing and declaring a "lien" upon the funds of a (Government) contract which by its terms prohibits the same. The contract between The Town of Mannford and the U. S. Government was entered into subsequent to the contingent fee contract sued upon in this case. If the contingent fee contract was not in violation of Federal and State statutes, as we have held herein, it would not be within the power of The Town of Mannford and the employees of the U. S. Government as contracting parties to impair or destroy the validity of a prior valid contract entered into between The Town of Mannford and the plaintiffs. Furthermore the covenant against contingent fees, as set forth in the Government contract, excepts "bona fide employees" of the Town of Mannford from the provisions of the covenant.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.